FILED
CLERK, U.S. DISTRICT COURT
03/09/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

April 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>              v.<br><br>MICHAEL RYAN ACUNA,<br>   aka "Steve Stevenson,"<br>   aka "irienights Steve Stevenson,"<br>   aka "Richard Stevens,"<br><br>         Defendant. | ED CR No. 5:22-cr-00068-SB<br><br>I N D I C T M E N T<br><br>[18 U.S.C. §§ 2251(a), (e): Production of Child Pornography; 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2): Possession of Child Pornography; 18 U.S.C. §§ 2428, 2253: Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 2251(a), (e)]

Between on or about January 1, 2015, and on or about December 31, 2016, in San Bernardino County, within the Central District of California, defendant MICHAEL RYAN ACUNA, also known as ("aka") "Steve Stevenson," aka "irienights Steve Stevenson," aka "Richard Stevens," knowingly employed and used Minor Victim, who had not attained the age of 18 years, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for

the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and which visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and which visual depiction was transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, including by computer.

The visual depictions that defendant ACUNA produced consisted of the following images:

(1) An image titled "20170123_044102"; and

(2) An image titled "20170210_004055."

COUNTS TWO THROUGH FIVE

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

On or about January 9, 2020, in San Bernardino County, within the Central District of California, MICHAEL RYAN ACUNA, also known as ("aka") "Steve Stevenson," aka "irienights Steve Stevenson," aka "Richard Stevens," knowingly possessed the following Google.com accounts, that contained at least one image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), involving a prepubescent minor and a minor who had not attained 12 years of age, that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that had been produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images and videos were child pornography.

The child pornography that defendant ACUNA possessed on his Google Accounts included, but was not limited to, the following:

| COUNT | GOOGLE ACCOUNT | FILE NAME(S) |
|---|---|---|
| TWO | ragufestivals@gmail.com | IMG_1522418554 |
| THREE | ragufestival@gmail.com | IMG_2034 |
| FOUR | ragufestivals1@gmail.com | IMG_1639.mp4 |
| FIVE | ragufestivals2@gmail.com | IMG_2280.mp4; IMG_1778.mp4; IMG_2447.mp4; and 2 Little Girls Suck Mans Dick so ( HOT ).mp4 |

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 2428]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2428 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count One of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following property:

   (a)  All right, title, and interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offense;

   (b)  All right, title, and interest in any property, real or personal, constituting or derived from any proceeds obtained directly or indirectly from such offense; and

   (c)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18 Section 2428(b)(2), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 2253]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253, in the event of the defendant's conviction of the offenses set forth in any of Counts Two through Five of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a) All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense;

(b) All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense;

(c) All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), the defendant, if so convicted, shall forfeit substitute property, up to

the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/

_____
Foreperson

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office

SONAH LEE
Assistant United States Attorney
Riverside Branch Office