E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office
SONAH LEE (Cal. Bar No. 246024)
Assistant United States Attorney
Riverside Branch Office
      3403 Tenth Street, Suite 200
      Riverside, California 92501
      Telephone:    (951) 276-6924
      Facsimile:    (951) 276-6202
      Email:        Sonah.Lee@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>                v.<br><br>MICHAEL RYAN ACUNA,<br><br>                Defendant. | Case No. ED CR No. 22-00068-SB<br><br>UNITED STATES' OBJECTIONS TO THE PRESENTENCE REPORT AND SENTENCING POSITION REGARDING DEFENDANT MICHAEL RYAN ACUNA; DECLARATION OF SONAH LEE; EXHIBITS A-B<br><br>Sentencing Date: May 9, 2023<br>Sentencing Time: 8:00 A.M. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Sonah Lee, hereby files its Objections to the Presentence Report and Sentencing Position Regarding Defendant Michael Ryan Acuna.

The United States' Objections and Sentencing Position is based on the attached memorandum of points and authorities and the accompanying declaration of Sonah Lee with attached Exhibits A-B, the United States Probation and Pretrial Services Office's Presentence Report ("PSR") and Recommendation Letter, the record of the proceedings in this case, and any further evidence and argument that the Court may permit.  The

1  United States respectfully requests the opportunity to supplement this Sentencing

2  Position or to respond to defendant or the Probation Office as may become necessary.

3  Dated: April 25, 2023                     Respectfully submitted,

4                                            E. MARTIN ESTRADA
                                             United States Attorney
5

6                                            MACK E. JENKINS
                                             Assistant United States Attorney
                                             Chief, Criminal Division
7

8                                            SEAN D. PETERSON
                                             Assistant United States Attorney
                                             Chief, Riverside Branch Office
9

10                                            /s/ Sonah Lee
                                             _____
11                                           SONAH LEE
                                             Assistant United States Attorney
12
                                             Attorneys for Plaintiff
13                                           UNITED STATES OF AMERICA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                             ii

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Defendant Michael Ryan Acuna ("defendant") committed a crime that has fractured his family and traumatized a young girl who trusted him and looked up to him.  After a lifelong fascination with child pornography, which began when he was in high school well over two decades ago, and years of viewing and trading child pornography with other like-minded individuals online, defendant decided to act out his fantasy by creating his own personal version of his fetish.  (Exhibit A, Dkt. 1 ("Complaint") at ¶¶ 23, 43-45; PSR ¶¶ 17-19, 21-23.)  Not merely content with viewing child pornography, defendant decided to act out on his fantasy of creating his own child pornography by masturbating with a sleeping young girl, culminating in him taking her hand and placing it on his genitals.  (Complaint ¶¶ 43-45; Dkt. 56 ("Plea") ¶ 15; PSR ¶¶ 21-23.)  For this conduct, defendant has pleaded guilty to production of child pornography under a written plea agreement (Dkt. 56[1]).

On April 4, 2023, the United States Probation and Pretrial Services Office ("USPO") disclosed defendant's Recommendation Letter ("RL") and PSR.  (Dkts. 63, 64.)  According to the USPO, defendant's Total Offense Level is 41 and his Criminal History Category is I, which results in an advisory Guidelines range of 324-360 months.  (PSR ¶¶ 70, 75-76, 111.)  The USPO is recommending a low-end sentence of 324 months' imprisonment followed by a lifetime period of supervised release.  (RL at 3-9.)

The United States objects to the USPO's calculation of the Total Offense Level and submits that the correct Total Offense Level is 40, resulting in an advisory Guidelines range of 292-360 months.  The United States respectfully requests that the Court impose a sentence of 188 months' imprisonment followed by a life term of

---

[1] Consistent with the written plea agreement, the United States intends to seek dismissal of the remaining counts of the Indictment at the time of sentencing, so long as defendant has complied with the terms of the plea agreement.

supervised release,[2] and a $100 mandatory special assessment.  Further, under 18 U.S.C. § 3664(d)(5),[3] defendant must be ordered to pay restitution, which will be addressed in a separate filing.

## II.     STATEMENT OF FACTS

### A.     Possession of Child Pornography

In late 2019, Google submitted numerous cyber tips to National Center for Missing and Exploited Children ("NCMEC") that two Google accounts associated with defendant had uploaded child pornography onto Google Drive. (PSR ¶¶ 14; Plea ¶ 15; Complaint ¶ 6, 12.)   The cyber tips were forwarded to Homeland Security Investigation ("HSI"), who determined that the owner of the Google accounts was defendant who resided in Lake Arrowhead.  (Complaint ¶¶ 13-19.)  HSI agents then executed a federal search warrant for defendant's residence.  (PSR ¶ 15; Plea ¶ 15; Complaint ¶ 20.)

Defendant agreed to talk to HSI about his involvement with child pornography. (PSR ¶ 17; Plea ¶ 15; Complaint ¶¶ 23-50.)  Defendant admitted to being interested in child pornography since he was in his high school and that he kept his collection online to minimize his exposure.  (PSR ¶¶ 13, 69; Plea ¶ 15; Complaint ¶¶ 23, 28.)  Defendant admitted to viewing child pornography on MEGA, Wickr, Dropbox and Google accounts.  (PSR ¶¶ 19; Complaint ¶¶ 23-29.)  Defendant provided HSI agents with the names of his Google accounts which he used strictly to store and access child pornography.  (PSR ¶ 19; Complaint ¶¶ 29, 46.)  Defendant further admitted to being specifically interested in incest and girls 8-15 years old.  (PSR ¶ 17; Complaint ¶ 31.) He further admitted possessing egregious child pornography because that was what others that he traded child pornography with desired.  (Id.)

---

[2] As part of the plea agreement, defendant has agreed that supervised release should be no less than 20 years.  (Plea ¶ 2(h).)  He also agreed to various terms of supervised release in an Appendix to his plea agreement.

[3] The parties expect to file a Joint Statement and Stipulation regarding Restitution concurrent with the parties' sentencing positions.

When asked about the large collection of young girls' underwear found in defendant's bedroom, defendant gave inconsistent explanations as to how he came to have such a collection.  (PSR ¶ 16; Complaint ¶¶ 36, 41.)  But defendant did admit to "cocking," a practice where a man takes a photo of his erect penis placed on another person.  (Complaint ¶ 43; Plea ¶15; PSR ¶ 21.)

In defendant's four Google accounts filled with child pornography, HSI agents discovered thousands of images and videos depicting numerous identified victims.  (PSR ¶ 20; Complaint ¶¶ 56-59.)   Some of the images in defendant's Google accounts depicted prepubescent female children, even toddlers, being raped by adult men.  (PSR ¶ 18; Complaint ¶ 56.)

**B.     Production of Child Pornography**

HSI agents discovered a series of images taken by defendant at some point between 2015 and 2016 involving Minor Victim and her much younger sister while they were sleeping in their bedroom.  This series of images depicted an erect adult penis near Minor Victim's or her sister's face, with a white opaque substance which appears to be semen on the child's face and/or hair.  (Complaint ¶¶ 48, 50, 52-55; Plea ¶ 15; PSR ¶¶ 22-24.)

The most egregious photos are as follows: (1) An image titled "20170123_044102," which depicts a child's hand grasping an adult male's erect penis, and the adult male's left hand in turn is holding the child's hand on his erect penis; and (2) an image titled "20170210_004055," which depicts a female child (Minor Victim) sleeping in bed, with an adult male penis resting on the child's left cheek.  (Complaint ¶ 54; Plea ¶ 15; PSR ¶ 23.)

**C.     Distribution of Child Pornography**

HSI Agents also recovered online kik chats between defendant and another individual ("jonesjason327") in Georgia who has since been prosecuted and sentenced in the Northern District of Georgia for child pornography offenses.  (Complaint ¶¶ 60-62;

Plea ¶ 15; PSR ¶¶ 25-27.)  The two individuals engaged in extensive chats between January 2018 and February 2018 about their mutual interest in child pornography, exchanging images and videos of child pornography and erotica, including images depicting Minor Victim:

> January 20, 2018, at 3:01:43 PM
>
> Defendant: [sends an image depicting child pornography]
>
> Jonesjason327: [sends an image or video of child pornography back to defendant.]
>
> Defendant: "Anything younger? Under 14?"
>
> Jonesjason327: "Yes lots"
>
> Defendant: "Love 3-14".
>
>
> On January 25, 2018, at 5:28:04 AM
>
> Defendant [sends jonesjason327 a photo of a pair of panties with an opaque substance on the crotch.]
>
> Defendant: My 9yos. I collect them like crazy. I have over 100 used from my nieces and step daughters.
>
> Jonesjason327: I've always wanted to let some one go in her room and play with her stuff as well just thinking to men jerking and coming on her stuff and never know it.
>
> Defendant: That's hot! I have a video of me cumming in my 11 yo niece while she was asleep
>
> Jonesjason327: Can I see. I know you can't let other people see these vids. My eyes only I will show you some vids also.
>
> Defendant: I'll send my vid of my nieces facial for your daughters cum shot. But you CANNOT resend it.

(Id.)

### III.          GUIDELINES CALCULATIONS

The United States agrees with the USPO that defendant's properly calculated Criminal History Category is I.  (PSR ¶¶ 75-76.)

The USPO calculated defendant's Total Offense levels as follows:

| Base Offense Level | 32 | USSG § 2G2.1 |
|---|---|---|
| Less than 12 years old | +4 | USSG § 2G2.1(b)(1) |
| Parent/Relative/Guardian | +2 | USSG § 2G2.1(b)(5) |
| Repeat/Dangerous Sex Offender | +5 | USSG § 4B1.5 |
| Acceptance of Responsibility | -3 | USSG §§ 3E1.1(a), (b) |
| Total Offense Level | 40 | |

(PSR ¶¶ 40-46, 64-69.)  Total Offense Level of 40, with CHC I, results in an advisory guideline range of 324-360[4] months.

The USPO increased defendant's total offense level by an additional level due to defendant's additional admitted conduct in possessing and distributing child pornography in the plea agreement.  (PSR ¶¶ 47-62; Plea ¶ 15.)  However, the United States disagrees with the USPO's calculation of one additional level for the admitted conduct in possessing and distributing child pornography.  While relevant conduct is generally defined broadly in USSG § 1B1.3(a), what would constitute relevant conduct under USSG §2G2.1 (Sexual Exploitation of a Minor by Production of Sexually Explicit Visual or Printed Materials) is quite narrow.  Caselaw suggests that a criminal defendant's possession of images depicting child pornography should not count as relevant conduct when determining sentencing guidelines for production of child pornography depicting other victims.  See United States v. Ahders, 622 F.3d 115 (2nd Cir. 2010) (sentence remanded because the record was devoid of any analysis between

---

[4] The advisory guideline range for offense level 40 and CHC I is 292-365 months imprisonment, but the advisory guideline range is capped by the statutory maximum sentence of 360 months.

5

the link of possession of sadistic images and production of images involving a different victim).[5]

While the parties did stipulate to certain facts in the factual basis of the plea agreement to streamline the sentencing process, the parties explicitly did not stipulate that such conduct be used as relevant conduct.  (See Plea ¶¶ 15, 17.)  The United States urges the Court to adopt the parties' agreement regarding the Guideline calculations in the plea agreement, that the total offense level attributable to defendant, after acceptance of responsibility, is 40, as laid out in the Plea Agreement.

## IV.   ASSESSMENT OF THE SECTION 3553(a) FACTORS AND THE UNITED STATES' SENTENCING POSITION

Here, a sentence of 188 months' imprisonment is sufficient, but not greater than necessary, to comply with the purposes of sentencing.  The nature and circumstances of the offense, the history and characteristics of the defendant, the need to afford adequate deterrence, and the need to avoid unwarranted disparities, all support a sentence of 188 months, and no less, in this case.

### A.   Defendant Has Victimized Many Minors For Over Two Decades By His Actions in Accessing Child Pornography

Defendant admitted to accessing, downloading, possessing, and distributing child pornography since he was in high school.  Some of the images that defendant possessed depicted horrific images of young children, even toddlers, being subject to vaginal and anal penetration by adult men.  Possession and distribution of child pornography is not a victimless crime, as Victim Impact Statements attached as Exhibit B to this Sentencing Position emphatically and clearly demonstrate.  Such criminal conduct "is intrinsically

---

[5] The Second Circuit in Ahders suggested that a district court may wish to consider the following factors to determine whether possession of sadistic images would be relevant conduct when a defendant is being sentenced to production of child pornography: (1) temporal proximity between the possession and production; (2) similarity of images; (3) whether defendant used the same device; and (4) whether the possession images were used as preparation or to aid in the production of images. Id. at 122.

related to the sexual abuse of children" both because "the distribution network for child pornography must be closed if the production of material which requires the sexual exploitation of children is to be effectively controlled," and because it constitutes a "permanent record of the children's participation and the harm to the child is exacerbated by their circulation." New York v. Ferber, 458 U.S. 747, 759 (1982). Possession and distribution of child pornography guarantee that the underlying abuse is "in effect repeated" since the victim knows "her humiliation and hurt were and would be renewed into the future as an ever-increasing number of wrongdoers witnessed the crimes committed against her." Paroline v. United States, 572 U.S. 434, 441 (2014).

As the Supreme Court has explained, "[c]hild pornography harms and debases the most defenseless of our citizens. Both the State and Federal Government have sought to suppress it for many years, only to find it proliferating through the new medium of the Internet." United States v. Williams, 553 U.S. 285, 307 (2008). Congress, too, has explained the difficulties in successfully combating the "immense" problem of child pornography and the "rapidly-growing market" for such materials, which is fueled by new technologies that were largely unavailable when the Sentencing Guidelines were first promulgated. See S. Rep. No. 108-2 (2003). Indeed, despite the "pernicious evil" of the crime, S. Rep. No. 104358, Congress has repeatedly expressed its dismay about the "excessive leniency" of federal sentences, H. Rep. No. 108-66, especially in light of the "continuing harm" caused to the children appearing in such materials, as well as the inflammatory effect it has on the "desires of child molesters, pedophiles, and child pornographers," which results in a robust and growing market for child pornography and therefore increased abuse of innocent children, see Child Pornography Prevention Act of 1996, Pub. L. No. 104-208, § 121, 110 Stat. 3009, 3009-26, 27 (1996), codified as amended at 18 U.S.C. § 2251; United States v. MacEwan, 445 F.3d 237, 250 (3d Cir. 2006); United States v. Norris, 159 F.3d 926, 929 (5th Cir. 1998) ("[T]he 'victimization' of the children involved does not end when the pornographer's camera is put away.").

Here, defendant did not stop at merely downloading, watching, trading, and distributing child pornography online.  He compounded his crime by crossing yet another line—by creating his own precious collection of niche child pornography involving a family member.

**B.    Defendant Produced Child Pornography**

Defendant's conduct in this case was an egregious breach of Minor Victim's trust and love for him as well as of his entire family and of the society-at-large.  Defendant was a trusted member of the family, so trusted that he was allowed to sleep in the same bedroom as Minor Victim and her younger sister in 2015 and 2016.  Defendant then took advantage of having unfettered access to Minor Victim while she was sleeping and was unconscious.  He got to carry out a deeply secret fetish—in the middle of the night, unbeknownst to anyone, defendant masturbated directly by Minor victim, resulting in his ejaculate landing on her hair and face, sometimes even touching her face with his penis, and sometime putting her hand over his genitalia while he masturbated.  He took photos of his secret acts, and uploaded them to his Google accounts that he only maintained to store child pornography.  Minor Victim and her family was unaware of what had happened until HSI found these images in defendant's Google accounts in 2020.

**C.    A Slight Downward Variance is Appropriate**

The United States, however, believes that a downward variance is appropriate considering all the nuanced facts in this unusual case.  Defendant was fairly cooperative when confronted by law enforcement at the time of the search warrant execution at his residence in Lake Arrowhead.  Defendant mostly admitted to his illegal conduct and expressed seemingly genuine remorse for his conduct.  Defendant has no criminal history, and there is no evidence suggesting that as disturbing and egregious as defendant's violation of Minor Victim's trust and love for him was, that his criminal conduct involving Minor Victim spanned a lengthy period of time, involved acts more heinous than masturbation, nor that there were any other hands-on victims.

8

The United States' recommendation of 188 months' in custody is a variance from the correctly-calculated Guidelines range of 292-360 months in custody, and incorporates a downward variance of four levels, as contemplated in the Plea Agreement. (See Plea ¶ 3(e)).  This is a fair and just recommendation considering the complex and unusual facts of this case, defendant's cooperation with law enforcement, ostensibly genuine remorse, and his background.  While a sentence less than the correctly-calculated Guidelines range is appropriate here, that sentence should be no less than 188 months' in custody.

### D.    A Life Term of Supervised Release Is Necessary

The Court should impose supervised release for a term of life for several reasons.[6] First, recidivism is a concern.  Congress explained when amending 18 U.S.C. § 3583 that "[s]tudies have shown that sex offenders are four times more likely than other violent criminals to recommit their crimes.  Moreover, the recidivism rates do not appreciably decline as offenders age . . . .  While any criminal's subsequent re-offending is of public concern, preventing sexual offenders from re-offending is particularly important, given the irrefutable and irreparable harm that these offenses cause victims and the fear they generate in the community."  H.R. Rep. 107-527.  There is a significant risk that a defendant will reoffend when compared to a non-sex offender.  Here, more than other types of child pornography cases, a defendant who admitted to an almost lifelong addiction to child pornography and who committed hands-on abuse of a minor, should be subject to a lifetime term of supervision.

Also, Congress specifically intended for the term of supervised release for sexual offenses to be longer than other felonies.  See 18 U.S.C. § 3583(k) (maximum term of supervised release for various sex offenses, including violations of 18 U.S.C. § 2252A, is life, with a mandatory minimum term of five years).   Congress's intent is similarly

---

[6] As noted, defendant has agreed that supervised release should be no less than 20 years.  (Dkt. 56 ¶ 2(h).)

reflected in the policy statements by the United States Sentencing Commission.  See Id. § 3553(a)(5) (requiring consideration of "any pertinent policy statement . . . issued by the Sentencing Commission").  The Guidelines recommend imposition of the maximum term of life supervision for any defendant who has committed a sex offense[7]:  "If the instant offense of conviction is a sex offense, the statutory maximum term of supervised release is recommended."  USSG § 5D1.2(b)(2).

## V.   RESTITUTION

As noted by the USPO, 18 U.S.C. § 2259 prescribes mandatory victim restitution for defendant's crime of conviction (as does USSG § 5E1.1).  The United States has conferred with counsel for defendant and will file a joint statement and stipulation regarding restitution concurrent with its sentencing position.

## VI.   CONCLUSION

For the foregoing reasons, the United States respectfully submits that defendant should be sentenced to 188 months in custody, followed by lifetime of supervised release, with a $100 mandatory assessment, and restitution (as will be addressed in a separate filing).

This sentence is appropriate and warranted based on the nature and circumstances of the offense, the history and characteristics of the defendant, the need to afford adequate deterrence, and the need to avoid unwarranted disparities.

---

[7] Application Note 1 to USSG § 5D1.2 defines a "sex offense" to mean an offense perpetrated against a minor under chapter 109A or 110 of Title 18 of the United States Code.  A violation of 18 U.S.C. § 2251 is included as part of chapter 110.  Thus, defendant's conviction in violation of 18 U.S.C. § 2251 is a sex offense.

## DECLARATION OF SONAH LEE

I, Sonah Lee, declare as follows:

1.      I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California.  I am the attorney representing the United States in the prosecution of <u>United States v. Acuna</u>, Case No. ED CR 22-00068-SB.

2.      Attached as Exhibit A to this declaration is a copy of the Complaint filed against Michael Ryan Acuna at docket entry no. 1 in this case.

3.      Attached as Exhibit B to this declaration are victim impact statements received by the United States so far in this case:

| VICTIM | BATES |
| --- | --- |
| ZooFamily1 | USAO_2786 |
| Chelsea of the 2CrazyGurls Series | USAO_2797-2798 |
| Angela | USAO_2800-2802 |
| April of the Aprilblonde Series | USAO_2804 |
| Violet of the At School Series | USAO_2806-2808 |
| Maria from the Best Necklace Series | USAO_2810-2812 |
| Henley of the BluePillow1 Series | USAO_2814-2817 |
| Bright Pink Toddler | USAO_2819-2821 |
| CatchAWave | USAO_2823-2824 |
| Jane from the CinderBlock Series | USAO_2826-2827 |
| Crosstattoo | USAO_2829-2931 |
| C from the Dalmations Series | USAO_2833-2835 |
| KE from the Dalmations Series | USAO_2837-2839 |
| KY from the Dalmations Series | USAO_2841-2843 |
| Hawaiian Purple | USAO_2845-2948 |
| Jan_Socks Series | USAO_2850-2855, 1922 |

| Jenny of the Jenny Series | USAO_2857 |
| Formerly Cait from the Leopardtight Series | USAO_2959 |
| Lexie | USAO_2861 |
| Maureen of the Lighthouse1 Series | USAO_2068-2069, 2862-2864 |
| Anna of the Middle Model Sister Series | USAO_2866-2867 |
| Pia of the Sweet White Sugar Series | USAO_2869-2873 |
| Tara | USAO_2876 |
| Vicky (Lily) | USAO_2886-2902 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Riverside, California, on April 25, 2023.

SONAH LEE